IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHEILA DEVERE                                                                                      PLAINTIFF

v.                                                              CIVIL NO. 20-5213

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                                    DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Sheila Devere, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on May 17, 2018, alleging an inability to work since May 18, 2017, due to a heart condition, carpal tunnel, and seventy percent hearing loss. (Tr. 84, 239, 243). For DIB purposes, Plaintiff maintained insured status through March 31, 2018. (Tr. 12, 31). An administrative video hearing was held on February 14, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 29-61).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated April 14, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 14). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine after surgery with recurring mild degenerative disease; mild degenerative disease of the lumbar spine; symptomatic premature ventricular contractions with dual-chamber ICD implant; mitral valve prolapse; moderately-severe to profound bilateral sensorineural hearing loss (SNHL) with tinnitus and hearing aids; and bilateral carpal tunnel (CTS) with release. (Tr. 14). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant cannot perform work requiring excellent hearing, can tolerate a moderate noise (level 3), and can hear and communicate simple instructions due to hearing loss; she must avoid hazards such as ladders, ropes, and scaffolds, moving mechanical parts, unprotected heights, deep water, and open flame; occasionally stoop, kneel, crouch and crawl; frequently bilateral handling and fingering; and frequent bilateral overhead reaching.

(Tr. 16). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a census enumerator. (Tr. 21).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 28, 2020. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 18, 19).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following issues on appeal: 1) substantial evidence on the record as a whole does not support the ALJ's finding that Plaintiff has the RFC to perform a wide range of light work; and 2) the ALJ failed to resolve a possible conflict between the vocational expert's testimony and the DOT. (ECF No. 18). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 19). The Court has reviewed the entire transcript and the parties' briefs.

The ALJ was required to adopt a RFC based upon the record as a whole. *See Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016) (stating that "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC;" and that the ALJ does so on the basis of "all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations"). Plaintiff argues the ALJ improperly discounted the June 22, 2016, opinion of Dr. Barry Hendrix, who opined Plaintiff could perform less than

sedentary work. After reviewing the record, the Court finds substantial evidence to support the ALJ's determination that Dr. Hendrix's opinion was unpersuasive when compared to the record as a whole. *Fentress v. Berryhill*, 854 F.3d 1016, 1020 (8th Cir. 2017) (finding that if a treating physician's opinion is inconsistent with other substantial evidence, such as physical examinations or claimant's daily activities, the ALJ may discount or disregard the opinion). The ALJ also addressed Plaintiff's activities during the relevant time period which included attending college classes and earning her degree; working ten hours a week cleaning; taking care of her personal needs; performing light household chores; preparing meals; driving; shopping for groceries; and visiting with family.

With respect to the ALJ's Step Four determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing her past relevant work as a census enumerator. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 22nd day of November 2021.

/s/    *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE